1  BRYAN A. MERRYMAN (SBN 134357)
   bmerryman@whitecase.com
2  J. JONATHAN HAWK (SBN 254350)
   jhawk@whitecase.com
3  WHITE & CASE LLP
   555 South Flower Street, Suite 2700
4  Los Angeles, CA 90071-2433
   Telephone: (213) 620-7700
5  Facsimile: (213) 452-2329

6  JAIME A. BIANCHI (Admitted *Pro Hac Vice*)
   jbianchi@whitecase.com
7  WHITE & CASE LLP
   Southwest Financial Center
8  200 S. Biscayne Blvd., Ste. 4900
   Miami, FL 33131-2352
9  Telephone: (305) 371-2700
   Facsimile: (305) 358-5744
10

11 Attorneys for Defendant
   COMCAST CORPORATION

12 [ADDITIONAL COUNSEL LISTED ON
   SIGNATURE PAGE]
13

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GUSMAN, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>COMCAST CORPORATION,<br><br>  Defendant. | No. 13-CV-1049-GPC-DHB<br><br>**FOURTH JOINT STATUS REPORT** |

Pursuant to the Court's Order Granting Defendant's Motion to Stay, dated May 21, 2014 ("Order"), Dkt. No. 58 (filed May 21, 2014), defendant Comcast Corporation ("Comcast") and plaintiff James Gusman (individually, "Plaintiff" and, collectively with Comcast, the "Parties") hereby submit the following Fourth Joint Status Report.

## FOURTH JOINT STATUS REPORT

As the Court noted in its Order, this case involves Comcast having "placed collection calls to subscribers who consented to receive calls from Comcast to discuss their past due balances. When Comcast made the calls, it did not know that its subscriber no longer used the cellular telephone number and that the cellular telephone number had been reassigned to Plaintiff." Order at 5. The Complaint alleges these calls violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*

On May 21, 2014, the Court stayed this action under the primary jurisdiction doctrine in order to allow the Federal Communications Commission ("FCC") time to resolve separate petitions filed by ACA International and United Healthcare Services, Inc. Order at 7-8. The ACA and United Healthcare Petitions ask the FCC to resolve the same issue presented in this case, *i.e.*, "whether there is liability under the TCPA for calls placed to a telephone number where consent had been previously given but the telephone number has been reassigned to someone who has not given consent." Order at 6. In granting the stay, the Court ordered the Parties to "submit a joint status report regarding the status of the FCC petitions every 120 days until the stay in this case is lifted." Order at 8.

On September 18, 2014, January 16, 2015, and June 18, 2015, the Parties submitted their first, second, and third Joint Status Reports, providing the Court updates on the FCC's proceedings, including updates on more recent petitions the FCC took under consideration that presented the same issues as the ACA and United Healthcare Petitions. Joint Status Report, Dkt. No. 61 (filed Sept. 18,

2014); Second Joint Status Report, Dkt. No. 64 (filed Jan. 16, 2015); Third Joint Status Report, Dkt. No. 65 (filed June 18, 2015).

Since the Parties filed their Third Joint Status Report, the FCC released a Declaratory Ruling and Order ("Declaratory Ruling") on July 10, 2015, that purports to resolve the issues presented in the ACA and United Healthcare Petitions, among others. Most relevant here, the FCC's Declaratory Ruling, from which two of the five FCC Commissioners dissented, states that it clarifies "whether a caller making a call subject to the TCPA to a number reassigned from the consumer who gave consent for the call to a new consumer is liable for violating the TCPA," which issue was at the core of the ACA and United Healthcare Petitions. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 15-72, ¶ 71 (July 10, 2015), attached as Exhibit A. The Declaratory Ruling also states that it creates a safe-harbor exemption for certain calls to reassigned cell phone numbers where the caller believes he has consent to make the call and for which the caller will not incur any liability under the TCPA. *Id.*, ¶ 85.

The Parties' separate positions on the impact of the FCC's Declaratory Ruling on these proceedings is set forth below.

**Comcast's Position**

The FCC's Declaratory Ruling does not conclude TCPA proceedings on the ACA and United Healthcare Petitions, nor does it constitute final resolution as to whether a caller can be held liable under the TCPA for calling a cell phone number of someone who consented to be called, but unknowingly and unintentionally reached someone who did not consent because the cell phone number had been reassigned. Since the FCC released its Declaratory Ruling on July 10, 2015, approximately nine (9) different companies have filed petitions with the United States Court of Appeals for the District of Columbia seeking review of the FCC's Declaratory Ruling. *See* Exhibit B. The petitions, including one filed by ACA,

have been consolidated pursuant to an order from the United States Court of Appeals for the District of Columbia. The petitions seek relief from the FCC's Declaratory Ruling pursuant to the Hobbs Act, 47 U.S.C. § 402(a), which sets forth the procedural processes one must follow to "enjoin, set aside, annul, or suspend any order of the [FCC]" under the Communications Act of 1934. 47 U.S.C. § 402(a).

The petitions now pending before the United States Court of Appeals for the District of Columbia ask that court to vacate and reverse the FCC's Declaratory Ruling on the issue of liability for calls to reassigned cell phone numbers. The ACA, for example, asks the United States Court of Appeals for the District of Columbia to:

> hold unlawful and set aside the Commission's treatment of prior express consent, including the Commission's treatment of reassigned numbers, and compel the Commission to either – (A) establish a viable safe harbor for autodialed 'wrong number' non-telemarketing calls to reassigned wireless numbers, or (B) define 'called party' as a calls' intended recipient.

ACA Int'l v. Fed. Commncn's Comm., No. 15-1211, Am. Pet. for Review by ACA Int'l, Doc. 1562251 at 5 (D.C. Cir. July 13, 2015), Exhibit C. The Chamber of Commerce of the United States of America makes a similar request as to the FCC's "improper[] defin[ition of] the term 'called party' for purposes of the TCPA's prior express consent provisions." Chamber of Commerce of the United States of America v. Fed. Commncn's Comm., No. 15-1306, at 2 (D.C. Cir. Sept. 3, 2015), Exhibit D. The Consumer Bankers Association likewise requests the United States Court of Appeals for the District of Columbia find the FCC:

> abused its discretion and acted arbitrarily and capriciously, and otherwise not in accordance with the protections of the First and Fifth Amendments of the Constitution, the TCPA, and the Administrative

- 3 -

Americas 90790694

> Procedures Act, in finding that 'called party' . . . means the 'subscriber' or 'non-subscriber customer user of a telephone number . . . ,' rather than the 'intended recipient or expected recipient.'

Consumer Bankers Assoc. v. Fed. Commncn's Comm., No. 15-1304 at 3-4 (D.C. Cir. Sept. 1, 2015), Exhibit E.

The review sought of the FCC's Declaratory Ruling by these entities, among other companies, indicates that the FCC's proceedings on the TCPA's definition of called parties and how to treat calls to reassigned phone numbers have not ended. Under the Hobbs Act, 47 U.S.C. § 402(a), the FCC's decision may now be reviewed by the United States Court of Appeals for the District of Columbia. That court may adopt the position of the petitions, which is shared by two of the five FCC Commissioners who voted against the Declaratory Ruling. In light of how contested these issues have been, even among the FCC's own Commissioners, the United States Court of Appeals for the District of Columbia may reverse the FCC's ruling on the issues presented in this case.

In the interest of judicial efficiency, Comcast respectfully submits that the stay in this action should remain in place until the United States Court of Appeals for the District of Columbia resolves the petitions pending before it.

**Plaintiff's Position**

Well over one year ago, on May 21, 2014, the Court issued an order staying the case pending a ruling from the FCC concerning the issue of consent when calling reassigned telephone numbers and the meaning of "called party" for purposes of consent (see Dkt. No. 58). At issue, according to Defendant, where two petitions to the FCC, one by United Healthcare Services, Inc., and the other by ACA International. According to the Court, "both petitions seek to 'clarify' the regulations." Gusman v. Comcast Corp., 2014 U.S. Dist. LEXIS 69918, *12 (S.D. Cal. May 21, 2014).

On July 10, 2015, the Federal Communications Commission ("FCC") issued

an omnibus ruling regarding the TCPA. 2015 FCC LEXIS 1586 (F.C.C. 2015). This Ruling addresses the TCPA as it concerns the issues for which this Court stayed proceedings in this action, and did so in favor of Plaintiff's position, as explained below. The FCC Ruling is controlling under the Hobbs Act unless overturned by a court of appeal. *See Hernandez v. Collection Bureau of Am., Ltd.*, 2014 U.S. Dist. LEXIS 140661, *6-8 (C.D. Cal. Apr. 16, 2014) (under the Administrative Orders Review Act, "[t]he Court lacks jurisdiction to entertain CBA's challenge to the validity of the FCC's rule."[1]

The FCC's July 10, 2015 Ruling expressly denied the petition by United. "Considering the foregoing, we deny CBA's Petition, Rubio's Petition, Stage's Petition, and United's Petition requesting that we exempt from liability autodialed, artificial-voice, and prerecorded-voice calls made to wireless numbers reassigned from a consumer who previously gave consent." 2015 FCC LEXIS 1586, *157 (F.C.C. 2015) (emphasis added). With regard to the petition by ACA International, the FCC stated, "we decline to grant a petition for rulemaking filed by ACA International". 2015 FCC LEXIS 1586, *5 (F.C.C. 2015).

Therefore, Plaintiff respectfully requests that the stay be lifted forthwith.

### A. Meaning of "Called Party" For Consent Purposes

According to the FCC's July 10, 2015 TCPA ruling, the FCC treats the "called party" as the "the subscriber, *i.e.*, the consumer assigned the telephone number dialed and billed for the call, or the non-subscriber customary user of a telephone number included in a family or business calling plan." 2015 FCC LEXIS 1586, *118-123 (F.C.C. 2015.

---

[1] The Hobbs Act thus "vest[s] the courts of appeals with exclusive jurisdiction to review the validity of FCC rulings." *Wilson v. A.H. Belo Corp.*, 87 F.3d 393, 396-97 (9th Cir. Cal. 1996). "Aggrieved parties may invoke this exclusive jurisdiction 'only by filing a petition for review of the FCC's final order in a court of appeals naming the United States as a party.'" *US West Communs., Inc. v. Hamilton*, 224 F.3d 1049, 1054 (9th Cir. Or. 2000) (quoting *MFS Intelenet*, 193 F.3d at 1120; *see also* 28 U.S.C. §§ 2342, 2344).

"Both such individuals can give prior express consent to be called at that number. Thus, with the limited exception discussed below, calls to reassigned wireless numbers violate the TCPA when a previous subscriber, not the current subscriber or customary user, provided the prior express consent on which the call is based." *Id.* The FCC cautioned, "[w]ere we to adopt 'intended called party' as our standard, unwitting recipients of reassigned numbers might face a barrage of telemarketing voice calls and texts along with debt collection calls." 2015 FCC LEXIS 1586, *130 (F.C.C. 2015).[2]

The ruling regarding the meaning of "called party" clarifies rather than adopts a new rule. *See* 2015 FCC LEXIS 1586, *133 (F.C.C. 2015) ("By clarifying that the caller's intent does not bear on liability, we make clear that such calls are exactly the types that the TCPA is designed to stop."); *see also Clay v. Johnson*, 264 F.3d 744, 749 (7th Cir. 2001) (stating that a clarifying rule "can be applied to the case at hand just as a judicial determination construing a statute can be applied to the case at hand," and does not raise issues of retroactivity).

### B.  One-Time Exemption For Calls To Reassigned Numbers

The FCC Ruling provides for a one-time forgiveness exemption for calls to reassigned numbers. "In balancing the caller's interest in having an opportunity to learn of reassignment against the privacy interests of consumers to whom the number is reassigned, we find that, where a caller believes he has consent to make a call and does not discover that a wireless number had been reassigned prior to making or initiating a call to that number for the first time after reassignment,

---

[2] The FCC reasoned, "[b]y itself, the fact that a phone number is in a contact list fails to provide any evidence that the subscriber to that number even gave the number to the owner of the contact list. To the contrary, the owner of the contact list could have obtained the number by any variety of means other than the subscriber providing it, such as receiving the phone number from a third party, capturing the phone number from the Caller ID of a prior call, or being forwarded an electronic contact card by a third party." 2015 FCC LEXIS 1586, *90 (F.C.C. 2015).

liability should not attach for that first call, but the caller is liable for any calls thereafter." 2015 FCC LEXIS 1586, *144 (F.C.C. 2015). Thus, any subsequent calls to the called party for a reassigned cellular telephone number without prior express consent violate the TCPA.

As it concerns whether there is liability for calls without consent to reassigned numbers, this is a new rule (in other words, a new limited exemption), rather than a clarification, and therefore it is not retroactive. The ruling indicates that it is effective as of the date it was released, meaning July 10, 2015. 2015 FCC LEXIS 1586, ¶ 188 (F.C.C. 2015).

Thus, following the recent Ruling, the new limited exemption would not apply to the first call from Defendant to Plaintiff, meaning that even the first call to the reassigned number would violate the TCPA if placed using an ATDS or an artificial or prerecorded voice. *See Manhattan Gen'l Equip. Co. v. Commissioner*, 297 U.S. 129, 135, 80 L. Ed. 528, 56 S. Ct. 397 (1936) (explaining that an agency ruling interpreting a statute "is no more retroactive in its operation than is a judicial determination construing and applying a statute to a case in hand").

### C.   At Least Two Courts Has Lifted A Stay Following The FCC'S July 10, 2015 Ruling

On August 15, 2015, the court in *Lee v. loanDepot.com, LLC*, 2015 U.S. Dist. LEXIS 112350, *8 (D. Kan. Aug. 25, 2015) lifted a stay in a TCPA case following the FCC's 2015 Ruling.[3] Additionally, on August 10, 2015, the court in the matter of *Damon Byrd v. Equinox Holdings, et al.*, 14-cv-08226-MWF-JC (C.D. Cal.) [Pl.'s Exhibit 1] lifted a stay in a TCPA case following the FCC's 2015 Ruling. The Court should do likewise here. Defendant is displeased with the outcome of the final FCC's 2015 Ruling, however, that does not mean the Court

---

[3] *See also Bush v. Mid Continent Credit Servs.*, 2015 U.S. Dist. LEXIS 117222, *9 (W.D. Okla. July 28, 2015), denying a defendant's motion to stay, noting "the FCC has clarified that automated calls placed by companies to 'wrong numbers' or 'reassigned numbers' are actionable under the TCPA."

should wait months or perhaps a year or more for a decision on the appeals concerning the FCC Ruling. Defendant can only speculate that the United States Court of Appeals for the District of Columbia may reverse the FCC's ruling.

Respectfully, Plaintiff believes it is time for the case to proceed to the class certification stage. *See Gusman*, 2014 U.S. Dist. LEXIS 69918 at *14.

Dated: September 15, 2015  WHITE & CASE LLP

By: /s/ Bryan A. Merryman
 Bryan A. Merryman

Attorneys for Defendant
COMCAST CORPORATION

Dated: September 15, 2015  KAZEROUNI LAW GROUP, APC

By: /s/ Jason A. Ibey
 Jason A. Ibey

Attorneys for Plaintiff
JAMES GUSMAN

JOSHUA B. SWIGART (SBN 225557)
josh@westcoastlitigation.com
HYDE & SWIGART
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

TODD M. FRIEDMAN (SBN 216751)
tfridman@attorneysforconsumers.com
LAW OFFICES OF TODD M. FRIEDMAN P.C.
324 South Beverly Drive, Suite 725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228

ABBAS KAZEROUNIAN (SBN 249203)
ak@kazlg.com
MATTHEW M. LOKER (SBN 279939)
ml@kazlg.com
JASON A. IBEY (SBN 284607)
jason@kazlg.com
KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

- 8 -

JOINT STATUS REPORT;
NO. 13-CV-1049-GPC-DHB

Americas 90790694

## **CERTIFICATION**

I, Bryan A. Merryman, am one of the attorneys of record for defendant Comcast Corporation ("Comcast"). Jason A. Ibey, attorney of record for plaintiff James Gusman, gave White & Case LLP, as attorneys of record for Comcast, concurrence in the filing of the document titled "FOURTH JOINT STATUS REPORT," which concurrence shall serve in lieu of his signature on that filed document. I have obtained and will maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party until one year after final resolution of the action (including appeal, if any).

Dated:  September 15, 2015                    WHITE & CASE LLP

                                              By:  /s/ Bryan A. Merryman
                                                   Bryan A. Merryman

                                              Attorneys for Defendant
                                              COMCAST CORPORATION

# CERTIFICATE OF SERVICE

I, Bryan A. Merryman, one of the attorneys of record for defendant Comcast Corporation, hereby certify that on September 15, 2015, I electronically filed the document titled "FOURTH JOINT STATUS REPORT." This document was filed with the Court using the CM/ECF system. Notice of this filing was sent to all parties by operation of the Court's electronic filing system.

Dated:   September 15, 2015

WHITE & CASE LLP

By:   */s/ Bryan A. Merryman*
           Bryan A. Merryman

Attorneys for Defendant
COMCAST CORPORATION