# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GUSMAN, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>vs.<br><br>COMCAST CORPORATION,<br><br>  Defendant. | CASE NO. 13CV1049-GPC(DHB)<br><br>**ORDER LIFTING STAY AND SETTING STATUS CONFERENCE** |

On May 21, 2014, the Court stayed the case under the primary jurisdiction doctrine in order to allow the Federal Communications Commission ("FCC") to resolve an issue pending before it that is also an issue in this case. (Dkt. No. 58.) The relevant issue is whether "a caller making a call subject to the TCPA to a number reassigned from the consumer who gave consent for the call to a new consumer is liable for violating the TCPA." In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 30 FCC Rcd. 7961, 7999 (2015). On September 15, 2015, the parties filed a fourth joint status report. (Dkt. No. 68.) In the status report, the parties noted that on July 10, 2015, the FCC released a Declaratory Ruling and Order that addressed the issue in this case. (Dkt. No. 68-1, Ex. A.)

The parties dispute whether the stay should be lifted after the FCC's ruling. Defendant argues that the FCC's ruling does not constitute final resolution on the issue in this case because since the ruling, about nine companies have filed petitions with the

United States Court of Appeals for the District of Columbia seeking review of the FCC's ruling on the issue of liability for calls to reassigned cell phone numbers and the meaning of "called parties." Plaintiff contends that the FCC has ruled on the issue that was subject to the Court's stay. In addition, he should not have to wait years before a decision is made by the appellate court.

## Discussion

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am.Co., 299 U.S. 248, 254 (1936)). In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005). District courts also have discretion to lift a stay of litigation. See Canady v. Erbe Elektromedizin GMBH, 271 F. Supp. 2d 64, 74 (D.D.C. 2002) ("The same court that imposes a stay of litigation has the inherent power and discretion to lift the stay."). "When circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay." Id. In determining whether the motion to lift the stay was ripe, the court in Canady evaluated both "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. Id. at 75.

Here, the case was stayed in order to allow the FCC to rule on an issue that is currently at issue in this case. On July 10, 2015, the FCC ruled on the issue and the reason for imposing the stay no longer exists. In addition, a ruling by the D.C. Circuit may take years and would impose a hardship on the plaintiff. Accordingly, the Court finds it appropriate to lift the stay. The Court LIFTS the stay in this case, and sets a

/ / / /
/ / / /
/ / / /
/ / / /

telephonic status conference on **October 2, 2015 at 1:00 p.m.**  Plaintiff shall initiate and coordinate the conference call.

IT IS SO ORDERED.

DATED:  September 24, 2015

HON. GONZALO P. CURIEL
United States District Judge