# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GUSMAN, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>COMCAST CORPORATION,<br>　　　　　　　　　　Defendant. | CASE NO. 13CV1049-GPC(DHB)<br><br>**ORDER**<br>**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ADDITIONAL LIMITED DISCOVERY; AND**<br><br>**(2) SETTING BRIEFING SCHEDULE ON MOTION FOR CLASS CERTIFICATION**<br><br>[Dkt. No. 71.] |

Before the Court is Plaintiff's motion for additional limited discovery in light of the Federal Communication Commission's recent July 10, 2015 Declaratory Ruling. (Dkt. No. 71.) Defendant filed an opposition on October 13, 2015. A telephonic hearing was held on October 14, 2015. Jason Ibey, Esq. and Joshua Swigart, Esq. appeared on behalf of Plaintiff and Bryan Merryman, Esq. and James Hawk, Esq. appeared on behalf of Defendant. Based on the reasoning below, the Court GRANTS in part and DENIES in part Plaintiff's motion for additional limited discovery.

## Background

On May 2, 2013, Plaintiff filed this putative class action complaint alleging that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. (Dkt. No. 1, Compl.) Specifically, Plaintiff alleges that "[b]eginning in

1  February 2013, Defendant began contacting Plaintiff, sometimes as many as ten times
2  in a single day, with an automatic telephone dialing system ('ATDS') as defined by 47
3  U.S.C. § 227(a)(1) using an 'artificial or prerecorded voice' as prohibited by 47 U.S.C.
4  [§] 227(b)(1)(A) in order to discuss Defendant's prescription services with Plaintiff."
5  (Id. ¶ 13.)  Plaintiff further alleges he informed a representative on each occasion "that
6  Plaintiff was not a current subscriber to Defendant's servicers nor had Plaintiff ever
7  been a subscriber." (Id. ¶ 15.)  Plaintiff did not provide his cellular telephone number,
8  which he obtained on or about February 1, 2013, to Defendant at any time. (Id. ¶¶ 16-
9  17.) Plaintiff further alleges Defendant's use of an ATDS to contact Plaintiff was not
10 done for emergency purposes, the calls constitute solicitations under the TCPA, and
11 "Plaintiff did not provide prior express consent to receive calls or messages on
12 Plaintiff's cellular telephones." (Id. ¶¶ 22-24.)

13  In the Complaint, Plaintiff sought to certify the following class: "[A]ll persons
14 within the United States who received any unsolicited marketing and artificial or
15 prerecorded voice messages from Defendant without prior express consent which
16 message by Defendant or its agents was not made for emergency purposes, within the
17 four years prior to the filing of this action." (Id. ¶ 27.)

18  Discovery began on September 24, 2013 with a deadline for discovery on
19 January 17, 2014. (Dkt. No. 17.) On February 13, 2014, Plaintiff moved ex parte for
20 an order extending dates in the scheduling order. (Dkt. No. 22.) On February 24,
21 2014, Magistrate Judge Bartick granted in part Plaintiff's motion and set a deadline of
22 April 11, 2014 to complete class discovery. (Dkt. No. 28.) On March 5, 2014, Plaintiff
23 filed a joint motion for discovery. (Dkt. No. 29.) On April 2, 2014, the Magistrate
24 Judge denied Plaintiff's motion to compel Defendant to produce its outbound dial list
25 and additional documentation regarding prior express consent. (Dkt. No. 41.)

26  In its motion for class certification filed on May 20, 2014, which was
27 subsequently denied without prejudice after the Court granted Defendant's motion to
28 stay, Plaintiff sought to certify a class based on the "wrong number." (Dkt. No. 56-1,

Mot. for Class Cert. (proposed SEALED LODGED documents).)

On May 21, 2014, the Court stayed the case under the primary jurisdiction doctrine in order to allow the Federal Communications Commission ("FCC") to resolve an issue pending before it that is also an issue in this case. (Dkt. No. 58.) On July 10, 2015, the FCC released a Declaratory Ruling and Order that addressed the issue in this case. (Dkt. No. 68-1, Ex. A.) The relevant issue, in this case, is whether "a caller making a call subject to the TCPA to a number reassigned from the consumer who gave consent for the call to a new consumer is liable for violating the TCPA." In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 30 FCC Rcd. 7961, 7999 (2015) ("FCC Ruling").

On the issue of reassigned cell phone numbers, the FCC provided a one-time exemption for a call to a reassigned number. Id. at 8007. The FCC stated,

> In balancing the caller's interest in having an opportunity to learn of reassignment against the privacy interests of consumers to whom the number is reassigned, we find that, where a caller believes he has consent to make a call and does not discover that a wireless number had been reassigned prior to making or initiating a call to that number for the first time after reassignment, liability should not attach for that first call, but the caller is liable for any calls thereafter.

Id.

The Court lifted the stay on September 24, 2015 and set a status hearing. (Dkt. No. 69.) At the status hearing, Plaintiff requested limited additional discovery based on the recent FCC ruling prior to refiling a motion for class certification and Defendant objected. (Dkt. No. 70.) Accordingly, on October 7, 2015, Plaintiff filed a motion for additional limited discovery. (Dkt. No. 71.) Defendant filed an opposition on October, 13, 2015. (Dkt. No. 72.)

**Discussion**

Through a limited deposition of Defendant's 30(b)(6) representative, Plaintiff seeks to ask questions regarding the following:

1) Defendant's policies and procedures regarding calls to reassigned telephone numbers;
2) Evidence that Defendant may rely upon to show consent to call reassigned numbers or qualify for the one-time exemption; and,

 3) If Defendant documents calls to a reassigned number specifically, the ability to search Defendant's records for evidence of calls to reassigned numbers.

(Dkt. No. 71-1 at 4.)

As to the first and third issues listed, Plaintiff contends that discovery concerning calls to reassigned telephone numbers was not a listed topic of Defendant's 30(b)(6) deposition held on April 3, 2014, because at that point in time, it was clear that calls to reassigned numbers violated the TCPA and there was no one-time exemption for reassigned numbers. Therefore, Plaintiff could not have asked Defendant questions about the one- time exemption. Moreover, based on discovery, Defendant's agents have the ability to indicate that calls were made to a "wrong number"; however, a "wrong number" does not necessarily mean it is a call to a "reassigned number." Therefore, Plaintiff seeks discovery on whether Defendant had a specific policy for documenting calls as a reassigned number rather than a wrong number.

Defendant opposes the discovery sought because Plaintiff knew, since late 2013 and during the discovery period, that Defendant called Plaintiff because he had a cell phone number that had been reassigned from a previous Comcast subscriber. Since Plaintiff knew about the issue of reassigned cell phone numbers during discovery, he had the opportunity to conduct the discovery he now seeks and should not be granted leave for additional discovery at this time.

While the issue of reassigned cell phone numbers were known to Plaintiff before the discovery deadline expired, the issue as to the one-time exemption was not. Moreover, it was Plaintiff's position that any calls to a reassigned number violated the TCPA. Therefore, based on its interpretation of the TCPA, despite the split among district courts, Plaintiff was not given the full opportunity to conduct discovery on this issue. Furthermore, since Defendant may raise the one-time exemption as a defense, Plaintiff should be given an opportunity for limited discovery. Accordingly, the Court GRANTS Plaintiff's motion for additional limited discovery on the first and third topics.

      As to the second topic, Plaintiff argues that the FCC's one time exemption for a call to reassigned number only applies if Defendant had obtained the requisite consent in the first place to call a telephone number prior to reassignment to a different consumer. Defendant argues that the prior express consent required for Defendant to make calls to cell phone numbers provided by subscribers is the very same prior express consent that is required to qualify for the safe harbor exemption. Plaintiff already conducted discovery on the prior consent issue during discovery and should not be allowed to reopen discovery on the issue of prior express consent. Defendant argues that Plaintiff is trying to get another shot at discovery that Judge Bartick denied him.

      The Court agrees with Defendant that the second topic has already been addressed in discovery. On April 2, 2014, in a motion to compel, Plaintiff sought, among other things, documentation as to prior express consent. (Dkt. No. 41 at 8-10.) Comcast stated that it had produced a screen shot showing that the prior subscriber had provided the phone number at issue as well as copies of its Agreement for Residential Services and its Customer privacy Notice. (Id. at 9; see also Dkt. No. 72-1, Hawk Decl. ¶ 9.) It further asserted that based on what was produced, it did not expect to rely on any other documents on the issue of prior express consent. (Dkt. No. 41 at 9.) The Magistrate Judge concluded that Comcast satisfied its discovery obligations by producing its Agreement for Residential Services and its Customer Privacy Notice. (Id.) Since discovery on the prior express consent has already been conducted, the Court DENIES Plaintiff's request for discovery on the second topic.

      Defendant further asserts that if the Court grants Plaintiff's motion, Defendant asks the Court to require Plaintiff to commit to a proposed class definition since it has not committed to any proposed definition. The Court declines to grant Defendant's request as the issue is not properly before the Court. Pursuant to Defendant's request and what was proposed by Plaintiff at the statue conference, the deposition shall be limited to no more than one hour.

/ / / /

**Conclusion**

Accordingly, the Court GRANTS in part and DENIES in part Plaintiff's motion for additional limited discovery. The Court GRANTS Plaintiff's request to conduct a 30(b)(6) deposition of Defendant's representative on topics one and three listed above, and DENIES Plaintiff's request to conduct discovery on the second topic.

The deposition of Defendant's 30(b)(6) representative shall be conducted within 30 days of the date of this order. The deposition shall be limited to no more than one hour. Plaintiff shall file a motion for class certification on or before **December 8, 2015** and shall disclose his expert on class certification a week before the motion for class certification. Defendant shall be file an opposition on or before **January 15, 2016** and shall disclose its expert a week before its opposition. Plaintiff shall file a reply on or before **January 22, 2016.** A hearing is set on **February 5, 2016 at 1:30 p.m.** in Courtroom 2D.

IT IS SO ORDERED.

DATED: October 14, 2015

HON. GONZALO P. CURIEL
United States District Judge